IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARK HALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-08-113-HE |
| v. | ) | |
| | ) | |
| WARDEN ADDISON, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] Plaintiff states that he is currently incarcerated at Joseph Harp Correctional Center, and Petitioner challenges his loss of earned credits in a disciplinary proceeding conducted at the Lexington Correctional Center ("LCC"). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4, Rules Governing Section 2254

---

[1] Although Petitioner completed his Petition on a form for a 28 U.S.C. § 2254 petition, the Petition is construed as one seeking relief under 28 U.S.C. § 2241 because Petitioner is challenging the adequacy of prison disciplinary procedures resulting in the loss of earned credits. In his Brief in Support of the Petition, Petitioner accurately describes his Petition as one in which he is seeking relief pursuant to 28 U.S.C. § 2241.

1

Cases in the United States District Courts[2], the Petition has been preliminarily reviewed. For the following reasons, it is recommended that the Petition be DISMISSED with prejudice on the ground of procedural default.

In his Petition, Petitioner asserts that he was found guilty in a disciplinary hearing conducted at LCC. Plaintiff alleges that in this disciplinary proceeding the punishment imposed for his misconduct, Individual Disruptive Behavior, included the forfeiture of 365 days of earned credit. Petitioner alleges he was denied due process in the disciplinary proceeding, and he seeks the restoration of the forfeited credits.

Attachments to the Petitioner's Brief in Support reflect that Petitioner was charged on September 25, 2007, with the misconduct of Individual Disruptive Behavior. Petitioner received a copy of the offense report concerning this charge on September 28, 2007. Petitioner requested a hearing on the charge and declined to present witnesses at the hearing. The disciplinary hearing was conducted on October 3, 2007, at which Petitioner entered a plea of not guilty. The disciplinary hearing officer found Petitioner guilty of the offense and provided Petitioner with a statement of the reasons for the guilty finding. Punishment imposed for the offense included the forfeiture of 365 days of earned credits.

Petitioner administratively appealed the disciplinary decision. The finding of guilt was affirmed by the head of the facility. Petitioner appealed the decision to the Oklahoma Department of Corrections ("ODOC") Director and asserted that there was insufficient

---

[2]Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. § 2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

evidence to support the finding of guilt. On October 29, 2007, the ODOC Director acting through a designated DOC official affirmed the disciplinary decision.

"A threshold question that must be addressed in every habeas case is that of exhaustion." Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994). A habeas petitioner is generally required to exhaust state court remedies, and this exhaustion requirement extends to habeas petitions brought under 28 U.S.C. § 2241 or 28 U.S.C. § 2254. Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion doctrine requires a state prisoner to 'fairly present[]' his or her claims to the state courts before a federal court will examine them." Demarest v. Price, 130 F.3d 922, 932 (10th Cir. 1997) (citations omitted). "[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v. Thompson, 501 U.S. 722, 731 (1991).

Petitioner has exhausted administrative remedies concerning the disciplinary decision he is challenging herein. However, Oklahoma also affords a statutory remedy for due process challenges to "prison disciplinary proceedings that result in the revocation of earned credits," and the statute allows such prisoners to "seek judicial review in the district court of the official residence of the Department of Corrections" after exhausting administrative remedies. Okla. Stat. tit. 57, § 564.1(A)(West 2007)(effective May 10, 2005).

In Magar v. Parker, 490 F.3d 816 (10th Cir. 2007), the Tenth Circuit Court of Appeals reviewed Oklahoma's new judicial review statute in light of the appellate court's previous decisions excusing Oklahoma inmates from exhausting state court remedies before seeking

federal habeas relief in situations similar to Petitioner's. In Magar, the court noted that "Oklahoma's statute expressly requires reviewing state courts to determine whether due process was afforded to the inmate by state prison officials, including whether the inmate was provided an opportunity to present relevant documentary evidence or call witnesses, and whether any evidence existed in the record to support the finding of guilt." Id. at 818-819. Because this remedy "demand[s] procedural regularity in ODOC proceedings and specifies that, if the court finds due process lacking, ODOC will be compelled to afford new proceedings compliant with the demands of due process," the court found that Oklahoma inmates are no longer excused from exhausting this state court remedy before proceeding to federal court on the basis that there is an "absence of available State corrective process." Id.

In response to the query on the form petition concerning exhaustion of state remedies, Petitioner asserts only that "State court will not look at [indecipherable]." Petition, at 6. Petitioner's Brief in Support of the Petition does not address the issue of exhaustion of state court remedies. The face of the Petition therefore shows that Petitioner did not exhaust the remedy available in Oklahoma state courts for pursuing his due process claims. Nor has Petitioner indicated that the state court remedy would have been ineffective to protect his rights, had he pursued this remedy.

As the court recognized in Magar, Okla. Stat. tit. 57, § 564.1 requires "inmates to petition state courts for review within 90 days after the inmate is notified of ODOC's final decision." Magar, 490 F.3d at 819. If this Court dismissed the Petition on the ground of Petitioner's nonexhaustion, it would be too late for Petitioner to file an action in state court

seeking relief under Okla. Stat. tit. 57, § 564.1. Under this statute, Petitioner had 90 days from October 29, 2007, to seek relief in state court, and Petitioner's failure to timely pursue this remedy "functions as a bar to federal habeas review." Id. Where "state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review ...., those remedies are technically exhausted." Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2387 (2006). Such a procedural default generally bars the prisoner from asserting those claims in a federal habeas proceeding. Id.

Petitioner's procedural default may be excused if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006)(quoting Coleman, 501 U.S. at 750), cert. denied, __ U.S. __, 127 S.Ct. 2117 (2007). Consequently, Petitioner was directed to show cause why his failure to timely pursue the remedy provided in Okla. Stat. tit. 57, § 564.1 should not procedurally bar judicial review of his 28 U.S.C. § 2241 Petition.

Petitioner has responded to the show cause order, and in his response Petitioner suggests that his procedural default should be excused due to general "overcrowding" in ODOC prisons. Petitioner also suggests, without benefit of any supporting facts, that LCC officials are "deceitful" and "misleading." These generalized claims do not demonstrate cause for Petitioner's procedural default. Petitioner has provided no evidence that either prison conditions or the actions of prison officials effectively prevented him from filing the necessary state court pleadings.

Petitioner's only remaining contention in his responsive pleading is a generalized statement that "[h]olding a man (inmate) in prison, when said prison is overcrowded is a miscarriage of justice, when giving him his good time back would release him...." The narrow exception to the procedural default doctrine for a miscarriage of justice requires a showing that the claimed errors "'probably resulted in the conviction of one who was actually innocent.'" Sellers v. Ward, 135 F.3d 1333, 1338 (10th Cir.)(quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)(internal quotations omitted)), cert. denied sub nom. Sellers v. Gibson, 525 U.S. 1024 (1998). See Herrera v. Collins, 506 U.S. 390, 404 (1993)("The fundamental miscarriage of justice exception is available only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence."). Petitioner was found guilty of Individual Disruptive Behavior for sending a letter asking his mother to bring money, which is considered contraband, to him in prison. A copy of this letter is attached to Petitioner's pleadings. Considering the pleadings and the attachments, Petitioner has not provided evidence demonstrating a reasonable probability of his actual innocence. Therefore, his procedural default cannot be excused under the exception for miscarriages of justice, and Petitioner's procedural default bars federal habeas review of his Petition.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED with prejudice. The Petitioner

is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___April 3rd___ , 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __14th__ day of __March__, 2008.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE